1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JEFFREY MICHEAL CAYLOR,                    No.  2:15-cv-1857-TLN-EFB P

11              Plaintiff,

12        v.                                    ORDER AND FINDINGS AND
                                                RECOMMENDATIONS
13   CITY OF CHICO, et al.,

14              Defendants.

15

16        Plaintiff is a county inmate proceeding without counsel in an action brought under 42

17   U.S.C. § 1983.  In addition to filing a complaint, plaintiff has filed an application to proceed in

18   forma pauperis pursuant to 28 U.S.C. § 1915, a motion for appointment of counsel, and a request

19   for injunctive relief.

20   **I.    Request to Proceed In Forma Pauperis**

21        Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

22   Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect

23   and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

24   § 1915(b)(1) and (2).

25   **II.   Screening Requirement and Standards**

26        Federal courts must engage in a preliminary screening of cases in which prisoners seek

27   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

28   § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

1

of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).  While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

### III.    Screening Order

Plaintiff's allegations concern his March 17, 2014 arrest by the Chico Police Department and related proceedings in the Butte County Superior Court.  *See* ECF No. 1.  For the reasons discussed below, plaintiff's complaint fails to state a claim upon which relief can be granted and is dismissed with leave to amend.

To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff may not pursue a § 1983 claim against defendant Jessica Miller because private individuals and entities do not act under color of state law. *See Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996); *see also Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) ("While generally not applicable to private parties, a § 1983 action can lie against a private party" only if he is alleged to be "a willful participant in joint action with the State or its agents.") (citation and quotation marks omitted). "The United States Constitution protects individual rights only from *government* action, not from *private* action." *Single Moms, Inc. v. Mont. Power Co.*, 331 F.3d 743, 746-47 (9th Cir. 2003). Plaintiff does not plead facts showing that Miller acted "in concert with state agents to deprive [plaintiff of his] constitutional rights." *Fonda v. Gray*, 707 F.2d 435, 437 (9th Cir. 1983).

In addition, plaintiff's court-appointed attorneys cannot be sued under § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981) (public defenders do not act under color of state law for purposes of § 1983 when performing a lawyer's traditional functions). And any potential claims for legal malpractice do not come within the jurisdiction of the federal courts. *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir.1981).

Plaintiff alleges that he was arrested pursuant to "an outstanding misdemeanor warrant." ECF No. 1 at 4. This admission demonstrates that his arrest by Chico police officers was not unreasonable and therefore not a violation of the Fourth Amendment. *See Atwater v. Lago Vista*, 532 U.S. at 354 (even *warrantless* arrests for misdemeanors do not offend reasonableness requirement of Fourth Amendment). Although plaintiff alleges that the police officers were advised not to arrest him, plaintiff does not allege that the outstanding warrant for his arrest was invalid.

Plaintiff also alleges that the Chico Police "illegally search[ed] and seize[d] a vehicle without probable cause, warrant, consent, [or] exigent circumstances . . . ." ECF No. 1 at 5.

1    Plaintiff's vague and conclusory allegations are not sufficient to state a proper claim for relief.

2    Plaintiff does not plead any specific facts to demonstrate that the alleged search and seizure was

3    unreasonable under the Fourth Amendment. *See Arizona v. Gant*, 556 U.S. 332, 351 (2009)

4    (discussing reasonableness of search of vehicle incident to arrest); *Miranda v. City of Cornelius*,

5    429 F.3d 858, 862 (9th Cir. 2005) (discussing reasonableness of vehicle seizure under Fourth

6    Amendment).

7       Plaintiff also claims that his right against self-incrimination was violated. The Fifth

8    Amendment provides that "[n]o person . . . shall be compelled in any criminal case to be a

9    witness against himself." U.S. CONST., amend. V. The Fifth Amendment "can be asserted in any

10   proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory; and it

11   protects against any disclosures which the witness reasonably believes could be used in a criminal

12   or could lead to other evidence that might be so used." *United States v. Bodwell*, 66 F.3d 1000,

13   1001 (9th Cir. 1995) (quotations and citation omitted). Plaintiff's allegations do not show that his

14   right against self-incrimination was implicated, or that his statements were used against him in a

15   criminal proceeding.

16       Plaintiff claims that his rights under the Sixth Amendment were violated. In criminal

17   prosecutions, the Sixth Amendment guarantees assistance of counsel to the accused. *Strickland v.*

18   *Washington,* 466 U.S. 668, 685 (1984). The right also includes access to law books, witnesses,

19   and other tools necessary to prepare a defense. *Taylor v. List*, 880 F.2d 1040, 1047 (1989).

20   Plaintiff's vague and conclusory allegations do not demonstrate a violation of his Sixth

21   Amendment rights.

22       Plaintiff claims that his right to equal protection was violated. "To state a § 1983 claim

23   for violation of the Equal Protection Clause, a plaintiff must show that he was treated in a manner

24   inconsistent with others similarly situated, and that the defendants acted with an intent or purpose

25   to discriminate against the plaintiff based upon membership in a protected class." *Thornton v.*

26   *City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005) (internal quotations omitted).

27   Plaintiff's vague and conclusory allegations do not demonstrate a violation of his equal protection

28   rights.

1    Plaintiff also claims that the Chico Police Department violated his constitutional rights by
2  releasing personal property, including a handgun, and other "evidence" "to an outside law
3  enforcement agency." ECF No. 1 at 5.   It is not clear from these vague and conclusory
4  allegations how plaintiff believes his constitutional rights were violated.  The United States
5  Supreme Court has held that "an unauthorized intentional deprivation of property by a state
6  employee does not constitute a violation of the procedural requirements of the Due Process
7  Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is
8  available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  California provides an adequate
9  postdeprivation remedy.  *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam)
10  ("[A] negligent or intentional deprivation of a prisoner's property fails to state a claim under
11  section 1983 if the state has an adequate post deprivation remedy.").  To the extent plaintiff is
12  challenging a loss of property in this action, he is precluded from doing so given the availability
13  of a state law procedure for the return of his property.  *See Watts v. Harlan*, No. 2:14-cv-00914
14  DAD P, 2015 U.S. Dist. LEXIS 20773 (E.D. Cal. Feb. 19, 2015).

15    The court notes that the causes of action discussed above may also be barred by *Heck v.*
16  *Humphrey*, 512 U.S. 477 (1994).   If plaintiff seeks to challenge the constitutionality of a
17  conviction or the fact of his confinement, he may not do so in this action unless he demonstrates
18  that the conviction or sentence has been invalidated.  In *Heck v. Humphrey*, 512 U.S. 477 (1994),
19  the United States Supreme Court held that a suit for damages on a civil rights claim concerning an
20  allegedly unconstitutional conviction or imprisonment cannot be maintained absent proof "that
21  the conviction or sentence has been reversed on direct appeal, expunged by executive order,
22  declared invalid by a state tribunal authorized to make such determination, or called into question
23  by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at
24  486.  Under *Heck*, the court is required to determine whether a judgment in plaintiff's favor in
25  this case would necessarily invalidate his conviction or sentence.  *Id.*  If plaintiff is claiming that
26  his federal constitutional rights were violated and as a result he was convicted and incarcerated,
27  plaintiff may not recover damages in this action unless he can prove that his conviction has been
28  reversed.

In addition, plaintiff cannot state a proper state law tort claim because he has not alleged compliance with the California Torts Claims Act ("Act").  The Act requires that a party seeking to recover money damages from a public entity or its employees submit a claim to the entity *before* filing suit in court, generally no later than six months after the cause of action accrues. Cal. Gov't Code §§ 905, 911.2, 945, 950.2 (emphasis added).  Timely claim presentation is not merely a procedural requirement of the Act but is an element of a plaintiff's cause of action. *Shirk v. Vista Unified Sch. Dist.,* 42 Cal. 4th 201, 209 (2007).  Thus, when a plaintiff asserts a claim subject to the Act, he must affirmatively allege compliance with the claim presentation procedure, or circumstances excusing such compliance, in his complaint.  *Id.*  The requirement that a plaintiff asserting claims subject to the Act must affirmatively allege compliance with the claims filing requirement applies in federal court as well.  *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988).

For these reasons, plaintiff's complaint fails to state a claim upon which relief can be granted.  Plaintiff will be granted leave to file an amended complaint, if he can allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).  Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant.  Any amended complaint must cure the deficiencies identified above and also adhere to the following requirements:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants.  Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

1    Any amended complaint must be written or typed so that it so that it is complete in itself

2    without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended

3    complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

4    earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114

5    F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

6    being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

7    1967)).

8    The court cautions plaintiff that failure to comply with the Federal Rules of Civil

9    Procedure, this court's Local Rules, or any court order may result in this action being dismissed.

10   *See* E.D. Cal. L.R. 110.

11   In addition, the court notes that the following legal standards may apply to plaintiff's

12   intended claim for relief.

13   An individual defendant is not liable on a civil rights claim unless the facts establish the

14   defendant's personal involvement in the constitutional deprivation or a causal connection between

15   the defendant's wrongful conduct and the alleged constitutional deprivation.  *See Hansen v.*

16   *Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

17   Plaintiff may not sue any official on the theory that the official is liable for the unconstitutional

18   conduct of his or her subordinates.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Plaintiff must

19   identify the particular person or persons who violated his rights.  He must also plead facts

20   showing how that particular person was involved in the alleged violation.

21   A municipal entity or its departments is liable under section 1983 only if plaintiff shows

22   that his constitutional injury was caused by employees acting pursuant to the municipality's

23   policy or custom.  *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977);

24   *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Villegas v. Gilroy Garlic*

25   *Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008).   Local government entities may not be held

26   vicariously liable under section 1983 for the unconstitutional acts of its employees under a theory

27   of respondeat superior.  *See Board of Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997).

28   /////

7

## IV.    Request for Appointment of Counsel

Plaintiff requests that the court appoint counsel.  District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff.  *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  Having considered those factors, the court finds there are no exceptional circumstances in this case.

## V.    Request for Injunctive Relief

Plaintiff also seeks injunctive relief.  However, he fails to meet the minimum threshold for merit to satisfy the standard for a preliminary injunction.[1]  At an irreducible minimum, he must demonstrate that there is at least a fair chance of success on the merits.  *Johnson v. California State Board of Accountancy*, 72 F.3d 1427, 1430, 1433 (9th Cir. 1995); *Sports Form, Inc. v. United Press International*, 686 F.2d 750, 753 (9th Cir. 1982).  As discussed above, his complaint must be dismissed for failure to state a claim and at present he has shown no likelihood of success on the merits of any claim. Accordingly, plaintiff's motion must be denied.

## VI.    Summary of Order and Recommendation

Accordingly, IT IS HEREBY ORDERED that:

1.   Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.

*/////*

---

[1] A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it.  *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir.1964).  The moving party must prove that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.  *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir.2009) (citing *Winter v. Natural Res. Def. Council, Inc*., ⸺ U.S. ⸺ ⸺, 129 S.Ct. 365, 375–76, 172 L.Ed.2d 249 (2008)).

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's request for the appointment of counsel (ECF No. 3) is denied.

4. The complaint is dismissed with leave to amend within 30 days. The complaint must bear the docket number assigned to this case and be titled "Amended Complaint." Failure to comply with this order will result in dismissal of this action for failure to prosecute. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Further, it is hereby RECOMMENDED that plaintiff's request for injunctive relief be denied (ECF No. 5) as premature.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 18, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE