UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY MICHAEL CAYLOR, | No. 2:15-cv-1857-TLN-EFB P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CITY OF CHICO, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. After a dismissal pursuant to 28 U.S.C. § 1915A (ECF No. 8), he has filed a motion to stay (ECF No. 21), and an amended complaint (ECF No. 22) which must now be screened.[1]

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

---

[1] Plaintiff's motion to stay is moot. Plaintiff requested in the motion additional time to comply with the instructions in the initial screening order, directing plaintiff to file an amended complaint. Plaintiff's filing of an amended complaint on May 10, 2017 moots his request for a stay.

1

The court has reviewed plaintiff's amended complaint pursuant to § 1915A and concludes that it must be dismissed without further leave to amend. Like the original complaint, the amended complaint concerns the execution of a misdemeanor arrest warrant. Plaintiff claims that the arrest was "invalid" because it was issued by a judge in Placer County, but executed by a police officer in Butte County. *See* ECF No. 22 at 2 (alleging that the California Penal Code lends support to his claim). Section 822 of the California Penal Code, however, implicitly authorizes the execution of a misdemeanor arrest warrant in a county other than the one in which it was issued, and dictates the procedures that must be followed in such an instance. *See* Cal. Pen. Code § 822 ("If the offense charged is a misdemeanor, and the defendant is arrested in another county, the officer must, without unnecessary delay, inform the defendant in writing of his right to be taken before a magistrate in that county . . . ."). Thus, construing plaintiff's complaint as alleging a violation of his Fourth Amendment rights, it fails to state a claim upon which relief could be granted. *See Atwater v. Lago Vista*, 532 U.S. at 354 (even *warrantless* arrests for misdemeanors do not offend reasonableness requirement of Fourth Amendment).

Moreover, if plaintiff has been convicted and incarcerated as a result of this "invalid" arrest, his claim of false imprisonment would be *Heck*-barred because success on that claim would necessarily imply the invalidity of his conviction, and plaintiff has not shown that his conviction has been invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated"); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (§ 1983 claims of false arrest and false imprisonment are *Heck*-barred unless plaintiff demonstrates that conviction or sentence has been invalidated).

Despite notice of the complaint's deficiencies and an opportunity to amend, plaintiff is unable to state a proper claim for relief and this action should be dismissed without further leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely."); *see also*

2

*Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

Accordingly, IT IS HEREBY RECOMMENDED that the motion to stay (ECF No. 21) be denied as moot, the amended complaint (ECF No. 22) be dismissed without further leave to amend, and the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 12, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE